**Isa Abd'Allah R. SHABAZZ,
Plaintiff–Appellant,**

v.

**Jari ASKINS; Carolyn Crump; Marzee Douglas; Carl B. Hamm; Farrell Hatch; Oklahoma Pardon and Parole Board, Defendants–Appellees.**

No. 93–6192.

United States Court of Appeals, Tenth Circuit.

Jan. 24, 1994.

Isa Abd'Allah Ramadan Shabazz, plaintiff-appellant, pro se.

Susan B. Loving, Atty. Gen., Oklahoma, and W. Craig Sutter, Asst. Atty. Gen., Oklahoma City, OK, for defendants-appellees.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Isa Abd'Allah Ramadan Shabazz appeals from a district court order granting the defendants' motion for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I. Background

On March 22, 1991, the Oklahoma Pardon & Parole Board (the "Board") denied parole to Mr. Shabazz, an inmate at the Lexington Correctional Center. On April 4, 1991, Mr. Shabazz filed a civil rights action under 42 U.S.C. § 1983 against five members of the Board, alleging that the Board's failure to recommend parole was in retaliation for his previous lawsuits against prison officials.

On April 12, 1991, the district court dismissed Mr. Shabazz's claim. Mr. Shabazz appealed and we reversed and remanded. *See Shabazz v. Askins,* 945 F.2d 411 (10th Cir.1991) (unpublished disposition). On remand, the district court adopted the magistrate's findings and recommendations and dismissed Mr. Shabazz's claim as frivolous under 28 U.S.C. § 1915(d). Mr. Shabazz appealed and we again reversed and remanded, finding that the magistrate judge had impermissibly weighed the facts in arriving at his recommendation that Mr. Shabazz's claim should be dismissed under § 1915(d). *Shabazz v. Askins,* 980 F.2d 1333 (10th Cir.1992). However, we quoted certain language intimating that Mr. Shabazz's claim would not survive a motion for summary judgment. *See Shabazz,* 980 F.2d at 1335.

On remand, the Board members moved to dismiss Mr. Shabazz's complaint for failure to state a claim, or in the alternative, for summary judgment. Mr. Shabazz did not respond to this motion. After the magistrate recommended that summary judgment be entered in favor of the Board members, Mr. Shabazz filed an objection. Conducting a de

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

novo review of the record, the district court then adopted the magistrate's findings and recommendations and granted the Board members' motion for summary judgment. Mr. Shabazz appeals.

## II. Standard of Review

■ Because Mr. Shabazz appears before us pro se, we construe his pleadings liberally. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n. 3 (10th Cir.1993). We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the party opposing the motion. *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991).

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the nonmoving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the nonmoving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the nonmoving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Applied Genetics*, 912 F.2d at 1241.

To be a "genuine" factual dispute, there must be more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

## III. Discussion

■ Mr. Shabazz first contends that the district court erred in granting summary judgment because the evidence shows that the Board members retaliated against him for filing previous lawsuits against prison officials when they failed to recommend him for parole. It is well established that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990).

Here, however, Mr. Shabazz presented no evidence from which a reasonable jury could infer that the Board members acted in a retaliatory manner. As evidence of the Board's retaliation, Mr. Shabazz claimed that the Board members failed to address him by his "Nubian, Islamic Hebrew" name and that the Board discriminated against him by granting parole to other similarly situated inmates appearing at the March 22, 1991 parole hearing. But, as the magistrate fully explained in his findings and recommendations, the evidence does not support Mr. Shabazz's contentions.

■ Mr. Shabazz also argues that the district court erred in finding that he was not entitled to appointment of counsel. The appointment of counsel in a civil case is left to the sound discretion of the district court. *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir.1988). We find no abuse of discretion in the court's refusal to appoint counsel.

Mr. Shabazz has cited no genuine facts in support of his claim. He cannot rely on mere conclusory allegations to survive the Board members' motion for summary judgment. We **AFFIRM.**