46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul FAZZINI, Plaintiff-Appellant,
v.
Gary L. HENMAN, John Rowe, E.H. Anderson, Rick Simpson,
Defendants-Appellees.
 No. 94-3035.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Paul Fazzini appeals from the district court's order granting defendants' motion for summary judgment on his claims alleging that defendants violated his rights while he was incarcerated at the federal penitentiary in Leavenworth, Kansas. Defendants are employees at the penitentiary. He also challenges the district court's denial of appointment of counsel and denial of his motion to compel discovery. We review a district court's grant of summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir.1993). We review a district court's decisions regarding appointment of counsel in a civil case and discovery for abuse of discretion. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994); GWN Petroleum Corp. v. OK-TEX Oil & Gas, Inc., 998 F.2d 853, 858 (10th Cir.1993).
 
 
 3
 We agree with the district court's characterization of plaintiff's pleadings as stating three claims: that his rights were violated by the reduction of his inmate wages under the Inmate Financial Responsibility Program; that he was denied meaningful access to the courts; and that defendants conspired to violate his rights. We also agree with the district court that there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. The district court did not abuse its discretion in denying plaintiff's request for appointment of counsel and motion to compel discovery. Thus, for substantially the same reasons as stated by the district court, we affirm the grant of summary judgment in this case.
 
 
 4
 Plaintiff's motion to file an oversized and late reply brief is GRANTED. The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470