52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David B. WRIGHT, Plaintiff-Appellant,
v.
Gary FULKERSON, Robert Cobb, Officer Waters, Nurse K.F.,
Nurse J.B., Defendants-Appellees.
 No. 94-4253.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of an action for failure to prosecute. The case was filed on January 31, 1994, but plaintiff took no further action after that time. He did not serve the complaint upon defendants as required by Fed.R.Civ.P. 4(j); he did not obtain service of process or request the service of process as provided by Rules 4(c) and 4(c)(2)(B).
 
 
 3
 On August 10, 1994, the magistrate judge to whom the case had been referred issued to plaintiff an order to show cause before August 29 why the action should not be dismissed. On September 22, 1994, after determining plaintiff had not responded to the order to show cause, the magistrate judge recommended dismissal pursuant to Fed.R.Civ.P. 41(b).
 
 
 4
 Approximately twenty days later, despite written advisement from the magistrate judge that any objection to his recommendation had to be filed within ten days, plaintiff wrote a letter to the district judge seeking an additional ten days.
 
 
 5
 Without addressing that request, the district court entered an order dismissing the action on October 11, 1994. Three days later, however, an order was entered granting plaintiff's request for extension.
 
 
 6
 Plaintiff then filed a lengthy document referring to other actions he filed and requesting the appointment of counsel. Although he attached a number of rambling documents relating extraneous factual assertions, none of the matters he set forth divulge a reason why he failed to serve the complaint or seek the issuance of summons. After re-referring the case to the magistrate judge for reconsideration and receiving a reiteration of the original recommendation, the district court dismissed the case for failure to prosecute.
 
 
 7
 The matter is now before us. Once again, plaintiff provides no excuse for his failure to prosecute the action as required by the rules of procedure. His appeal appears grounded upon the district court's refusal to appoint counsel. Perusing all the documents filed in this court by plaintiff, we find no answer to the question why he did not take the many opportunities extended to him by the district court to accomplish service as required by the rules. Appointment of counsel is not necessary for a civil case to proceed, Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 261 (10th Cir.), cert. denied, 115 S.Ct. 368 (1994); moreover, there is no constitutional right to the appointment of counsel in a civil case. Id. (citing Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir.1989)). Such appointments are left to the sound discretion of the district court, Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994), and plaintiff has failed to establish such an abuse. Dismissal for failure to prosecute being appropriate, Fed.R.Civ.P. 41(b), and given plaintiff was offered but did not take any opportunity to cure his default, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470