59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George W. WALKER, Plaintiff-Appellant,
v.
KIMBERLY SERVICES--Kimberly Nurses Meditest, Defendant-Appellee.
 No. 93-1287.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Title VII plaintiff George W. Walker appeals pro se the denial of his request for appointed counsel and the dismissal of his employment discrimination action against Kimberly Services-Kimberly Nurses Meditest (Kimberly). The district court held that Mr. Walker had not presented a prima facie case of disparate treatment in his termination. We agree, and conclude that the court's decision not to appoint counsel was not an abuse of discretion. We therefore affirm.
 
 BACKGROUND
 
 3
 George W. Walker, a 57-year-old man of African-American, Caucasian, Jewish, and Native American descent, was a nurse aide for defendant Kimberly, a home health care provider. He was fired after failing to notify his supervisor of a missed appointment and failing to discuss it with her. Mr. Walker filed a complaint with the Equal Employment Opportunity Commission (EEOC), arguing that he was discharged on the basis of his race, sex, age, and civil rights activities, which included a campaign to become president of the University of Colorado. The EEOC found that his charge was groundless. Rec. vol. I, doc. 3, Ex. A, at 2.
 
 
 4
 Mr. Walker took his complaint to district court. He first moved for leave to proceed in forma pauperis, which was granted, and requested court-appointed counsel, which was denied. Mr. Walker then filed a pro se action against Kimberly, claiming violations of 1983, Title VII, and the Fourteenth Amendment, and again requesting a court-appointed attorney. Kimberly responded to the 1983 and Fourteenth Amendment claims with a motion to dismiss, or in the alternative for partial summary judgment. The district court denied Mr. Walker's request for an attorney and referred the action to a magistrate, who found that Mr. Walker had produced no evidence to support either his 1983 or his Fourteenth Amendment claim, and recommended that summary judgment be granted thereon. Kimberly then moved for summary judgment on the Title VII claim, and the magistrate recommended that summary judgment be granted on that claim as well.
 
 
 5
 In response to the magistrate's first recommendation, Mr. Walker filed a "Reply to Judge Abram's Summary Judgment Motion" in which he first objected to the court's refusal to appoint counsel, claiming that he was beset by various physical ailments that made him "100% disabled," and then contended that he was the victim of a racist conspiracy by the Colorado Department of Labor, the EEOC, and the district court. Rec. vol. I, doc. 33, at 2. In response to the magistrate's second recommendation, Mr. Walker filed a "Reply to Judge Abram's April 6th Recommendation" in which he argued that a dispute over material facts precluded summary judgment, and that the magistrate's recommendation was, again, the product of racial discrimination. Rec. vol. I, doc. 42, at 2.
 
 
 6
 The district court interpreted these pleadings liberally as objections to the magistrate's recommendation. After an independent review the district court nonetheless adopted the magistrate's findings, granted Kimberly's motions for summary judgment, and dismissed the case with prejudice. The present appeal follows.
 
 DISCUSSION
 
 7
 Construed liberally, Mr. Walker's brief raises four points of error on appeal. He asserts that he presented a prima facie case of racial discrimination under Title VII by showing that Kimberly's supervisory staff had no minority representation, and that his supervisor had denied knowing that he was a member of any protected class. Rec. vol. I, doc. 33, Ex. E. He argues that the motivation for his termination was an issue of material fact that precluded summary judgment. He argues that the magistrate and district court in this case made their decisions on the basis of racial prejudice and should have recused themselves. Finally, he argues that the court erred by not appointing an attorney for him.
 
 
 8
 The first three contentions are utterly without merit. First, it was established that Mr. Walker was discharged for violating a work rule. Rec. vol. I, doc. 36, Ex. C, at 55-56. To state a Title VII claim for racial discrimination under such circumstances, Mr. Walker had to show, inter alia, that similarly situated nonminority employees received different treatment. EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir.1992). Mr. Walker never came forward with facts to establish that element of his claim. The facts he did allege, if proved, would be neither direct evidence of discrimination against him nor proof of a pattern of discrimination by an "all-white conspiracy." Brief of Appellant at 2. Mr. Walker failed to state a prima facie case; therefore, summary judgment was appropriate. Drake v. City of Fort Collins, 927 F.2d 1156, 1161-62 (10th Cir.1991).
 
 
 9
 Similarly, Mr. Walker has failed to produce facts in support of his contention that the magistrate and the district judge harbored racial animus that should have disqualified them from hearing the case. Neither unsubstantiated suggestions of bias nor adverse rulings suffice to mandate recusal. See Willner v. University of Kansas, 848 F.2d 1023, 1026 (10th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031 (1989).
 
 
 10
 Mr. Walker's final contention is that he should have received "an assertive/positive non-white civil rights attorney" from the court. Brief of Appellant at 4. We review the denial of appointment of counsel in a civil case for abuse of discretion. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994). Although the district court did not articulate its reasons for the denial, the record is complete enough to support an independent determination of the issue, and we affirm.
 
 
 11
 Title VII gives courts broad discretion to appoint counsel for pro se clients.[2] The factors to be considered in making the decision include the claimant's financial inability to pay for counsel, his diligence in attempting to secure counsel, the merits of his case, and "in close cases," his capacity to present the case without counsel. Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir.1992). In this case, Mr. Walker's requests for court-appointed counsel were denied without reference to the Castner factors, indeed without any reasons at all, in two orders dated May 29 and July 15, 1992. Rec. supp. vol. I, docs. 2 & 6.
 
 
 12
 Broad discretion is not the same as absolute discretion. In light of the broad remedial purpose of Title VII, a court must give "serious consideration' " to a Title VII plaintiff's request for appointed counsel. Castner, 979 F.2d at 1421 (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir.1983)). Thus, a district court should normally indicate the basis on which it exercises or withholds its powers to appoint such counsel, and we have previously held that remand is proper when a district court cloaks its decision on the issue in unreviewable silence. Id. at 1423. However, we retain the power to conduct an independent review of the decision when the record is sufficiently informative. See id. (considering independent review to be precluded by an inadequate record); see also Rucks v. Boergermann, No. 94-5186, 1995 WL 357654, at * 2 (10th Cir. June 14, 1995) (conducting independent review under 28 U.S.C.1915(d), the general civil appointment-of-counsel statute).
 
 
 13
 In this case, the record supports the district court's decision. Two of the four Castner factors lend support to the appointment of counsel: we conclude from his proceeding in forma pauperis that Mr. Walker was unable to pay for counsel, and we would conclude, if this were a "close case," that his ability to present his case pro se was also limited. On a third factor, diligence in seeking representation, the record is silent. Nonetheless, we consider these factors to be outweighed by the insubstantiality of Mr. Walker's claim on the merits. As we noted in Castner, there is no mechanism for compensating appointed counsel under Title VII, and "[t]he indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." 979 F.2d at 1421. The district court did not abuse its discretion in refusing to appoint counsel for Mr. Walker.
 
 
 14
 Accordingly, we AFFIRM the decision of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 42 U.S.C.2000e-5(f)(1) provides: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant...."