69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara CERULLO; Rivana Cerullo; and David Cerullo,
Plaintiffs-Appellants,
v.
Officer TODD, B.O.P. Guard; Officer Perez, B.O.P. Guard;
Lieutenant Starr, B.O.P.; W.A. Perrill, Warden, FCI
Englewood; Federal Bureau of Prisons; United States of
America; T.D. Allport, Correctional Counselor, FPC,
Englewood, Defendants-Appellees.
 No. 94-1547.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before KELLY, SETH and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Barbara, Rivana, and David Cerullo appeal the district court's summary judgment in favor of defendants on their civil rights and habeas claims. Because plaintiffs have not demonstrated the existence of a genuine issue of material fact regarding retaliation, we affirm.
 
 
 3
 David Cerullo is a federal prisoner serving a 51-month sentence. While incarcerated at the Federal Prison Camp in Englewood, Colorado, he had a series of interactions with prison officials which form the basis for this suit. The first incident occurred on December 27, 1993, when Cerullo was visiting with his wife, Barbara, and his 16-month-old daughter, Rivana. During the visit, Rivana wandered into the men's bathroom and touched the toilet. When Cerullo went into the bathroom to wash his daughter's hands, he was warned by visiting room officer Perez that such contact was not permitted. Cerullo argued with Perez, and his wife wrote a letter to the warden, with a copy to Congresswoman Patricia Schroeder, complaining about the officer's conduct. Mrs. Cerullo's letter was received by the warden on January 6, 1994.
 
 
 4
 On January 7, 1994, visiting room officers Perez and Todd officially warned Mr. Cerullo and another inmate about allowing their children to wander about the visiting room unattended. See R. I, doc. 26, Exh. D. Several minutes later, Rivana Cerullo was again allowed to move about the visiting room. Perez apparently called Mr. Cerullo's name and pointed to his daughter, saying, "[t]hat's twice--next time you get a shot.' " Id., doc. 3. Both inmate Cerullo and his wife began to argue with the guards, necessitating intervention by the shift lieutenant and termination of the Cerullos' visit.
 
 
 5
 Mr. Cerullo alleges he filed an administrative grievance against Perez, Todd, and the shift lieutenant on January 7, 1994, at 8:45 p.m. At 10:30 p.m., Officer Todd wrote an incident report on Mr. Cerullo for disobeying an order to control his child. As a result, Mr. Cerullo was placed on a 30-day commissary restriction, and a 60-day visitation restriction.
 
 
 6
 Barbara and Rivana Cerullo brought a civil rights action against the three guards, the warden, the institution, and the United States government, claiming that their visitation was revoked in retaliation for Mr. Cerullo's exercise of his right to petition the government. The complaint was later amended to include Mr. Cerullo as a plaintiff, to request habeas corpus relief, and to bring an additional claim that defendant Allport delayed programming Mr. Cerullo's telephone numbers in retaliation for Cerullo's ten administrative complaints, his two lawsuits, and his letters to Congresswoman Schroeder. The complaint was again amended in March 1994 to add claims of retaliation by prison officials in not honoring Mr. Cerullo's medical restrictions, in searching his room, in delaying or withholding mail, in requiring a urinalysis, and in chastising Mr. Cerullo for writing to Congresswoman Schroeder.
 
 
 7
 The district court granted summary judgment in favor of all defendants, holding that none of the individual occurrences rose to the level of a constitutional violation and that the series of events did not demonstrate retaliation. This appeal followed.
 
 
 8
 We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Pride v. Does, 997 F.2d 712, 716 (10th Cir.1993). Summary judgment is appropriate when "the pleadings ... [and] affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the record in the light most favorable to the party opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 9
 To prove retaliation, the Cerullos were required to produce evidence sufficient to support a finding that defendants' conduct was motivated by a desire to retaliate against the Cerullos for their exercise of constitutional rights, and that, but for the retaliatory motive, the disputed incidents would not have taken place. See Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir.1990). We hold the evidence insufficient to raise a triable issue as to whether the visiting room incident and the ensuing discipline were motivated by either Mrs. Cerullo's letter or Mr. Cerullo's administrative complaint.
 
 
 10
 It is undisputed that Rivana Cerullo was permitted to wander without supervision on at least one occasion during the Cerullos' December 27 visit. See Barbara Cerullo's Letter, R. I, doc. 26, exh. G ("As my husband and I were talking, someone told us that Rivana had gone into the men's room and had put her hands on the toilet."). It is also undisputed that Mr. Cerullo became argumentative when Officer Perez informed him that it was in violation of prison rules to be alone with his daughter in the restroom. Id., exh. D. There is no dispute that on January 7, 1994, Rivana Cerullo was again permitted to move about the visiting room. It is also uncontradicted that another inmate in addition to Mr. Cerullo was warned about allowing his child to wander, and that Mr. Cerullo was given a second warning as well. Id. It was only after Mr. Cerullo and his wife began to argue loudly with the officers that their visit was terminated, and an incident report written. See Complaint, R. I, doc. 3; doc. 26, exh. D; doc. 40, exh. 1.
 
 
 11
 These facts do not support the inference that Mr. Cerullo would not have been disciplined but for his administrative complaint or his wife's letter. The visiting room officers are required to maintain quiet and order, and are authorized to terminate a visit that is not conducted in this manner. 28 C.F.R. 540.51(g)(1). They gave the Cerullos several warnings before imposing discipline. The Cerullos' conduct of arguing with the officers about their duty and ability to control their daughter after two warnings fully merited the discipline imposed. The mere fact that the Cerullos wrote a letter and an administrative complaint at approximately the same time, without more, does not raise an inference of retaliation. Cf. Meredith v. Beech Aircraft Corp., 18 F.3d 890, 897 (10th Cir.1994) (holding that proof of lawsuit against employer and subsequent termination of employee, without more, did not demonstrate retaliation).
 
 
 12
 In addition, the evidence does not raise a genuine issue as to a retaliatory pattern. Other than Mr. Cerullo's bald assertion that he was being singled out, there is no evidence that he was subjected to anything but ordinary searches of his cell and urinalysis. Mr. Cerullo's incident reports for wearing a watch valued over $400.00 and for possessing contraband were well-supported, despite his explanations of how each infraction occurred. The evidence of irregularities in the mail and telephone systems do not raise constitutional issues, and the evidence fails to raise an issue as to whether prison officials retaliated against Mr. Cerullo in his job assignments. The district court's denial of the motion for appointment of counsel was within its sound discretion. See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994).
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470