F I L E D
United States Court of Appeals
Tenth Circuit

DEC 5 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES A. SANDERS, JR.,

      Plaintiff-Appellant,

v.

J.B. HOPKINS, FLOYD GARNER,
SGT. PERICE, SGT. WILLIAMS,
DEPUTY FUJI, E.J. MORRIS,
DEPUTY RIOS, DEPUTY STILL, LT.
MELTON, LT. ARNOLD, SGT.
OWENS, DEPUTY BESS, DEPUTY
JOHNSON, DEPUTY FIELDS,
DEPUTY MORGAN, DEPUTY
COUBOCK, DEPUTY ALLEN,
DEPUTY HOPEWELL and GEORGIA
MILLER,

      Defendants-Appellees.

Case No. 97-3082

(D.C. 96-CV-3427)
(District of Kansas)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

James Sanders, proceeding pro se and in forma pauperis, claims that Defendants violated his Eighth Amendment rights when he was incarcerated as a pretrial detainee at the Wyandotte County Jail in Kansas City. He also claims that he was denied due process and equal protection of the laws. The district court dismissed his action for failure to state a claim. We affirm.

"We review the dismissal of a complaint for failure to state a claim *de novo*." Riddle v. Mondragon, 83 F.3d 1197, 1201 (10th Cir. 1996). The plaintiff's complaint must be construed liberally, and all well-pleaded allegations must be accepted as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). In addition, we are required to construe Mr. Sanders's pleadings liberally because he is proceeding pro se. Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994). "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Riddle, 83 F.3d at 1201 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (citation omitted).

2

Mr. Sanders was sent to disciplinary segregation for a jail infraction. Rec. vol. I, doc. 2 at 2 (Complaint filed Sept. 5, 1996). As part of this disciplinary measure, prison officials required Mr. Sanders to wear handcuffs and ankle shackles whenever he exited his cell. This included while bathing or showering. Id. While he was showering with these restraints, Mr. Sanders fell and sustained a head injury. Id.

Mr. Sanders claims that requiring him to wear handcuffs and ankle shackles while showering contravened the Eighth Amendment's prohibition against cruel and unusual punishments. The Supreme Court has instructed that claims involving conditions of confinement brought by pretrial detainees should be analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 & n. 16 (1979). The due process standard is used because the Eighth Amendment is concerned with punishment, and a pretrial detainee may not be punished prior to an adjudication of guilt. Id. The central inquiry then becomes whether the challenged condition of confinement amounts to a "punishment." Id. at 535. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. Maintaining jail security and effectively managing a

3

detention facility are valid objectives which may justify the imposition of certain restrictions. Id. at 540.

As noted above, Mr. Sanders was placed in disciplinary segregation. He does not challenge his placement there; he challenges only the use of restraints while showering. Prison officials are to be "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 547. The condition or restriction of requiring a pretrial detainee in disciplinary segregation to wear restraints while showering is reasonably related to the legitimate governmental objective of promoting security in the detention facility. Thus, under Bell, it does not amount to a "punishment" which would violate the detainee's due process rights.

Even were we to analyze Mr. Sanders's claim of cruel and unusual punishment under the more specific provisions of the Eighth Amendment, we would still affirm the district court's dismissal of the claim. One of the elements that a plaintiff must establish in order to state a claim under the Eighth Amendment, when conditions of confinement are at issue, is that a prison official acted with deliberate indifference to the inmate's health or safety. Riddle, 83 F.3d at 1204 (citation omitted). "Deliberate indifference" is demonstrated when the prison official "knows of and disregards an excessive risk to inmate health or

safety." Farmer v. Brennan, _____ U.S. _____, 114 S. Ct. 1970, 1979 (1994). Requiring an inmate who is in disciplinary segregation to shower in handcuffs and ankle shackles does not evince deliberate indifference to an inmate's health or safety. See Branham v. Meachum, 77 F.3d 626, 631 (2nd Cir. 1996) (requiring an inmate on "lockdown" to shower while wearing leg irons does not state a claim under the Eighth Amendment); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (requiring an inmate who had assaulted prison guards and fellow inmates to shower while wearing handcuffs and ankle shackles does not state a claim under the Eighth Amendment). Thus, whether analyzed under the Eighth or Fourteenth Amendments, Mr. Sanders has failed to state a claim of cruel and unusual punishment.

In addition to his Eighth Amendment and due process claims, Mr. Sanders further claims that requiring him to wear handcuffs and ankle shackles in the shower violated the Equal Protection Clause because other similarly situated inmates were not restrained while bathing. Furthermore, he argues that if convicted murderers are not restrained while bathing, then he, a pretrial detainee, should not have been so restrained. However, the fact that other prisoners were not restrained while showering does not establish a violation of the Equal Protection Clause. Unless Mr. Sanders is a member of a suspect class, or a fundamental right is at stake, which Mr. Sanders does not allege, disparate

5

treatment need only be rationally related to a legitimate governmental purpose in order to satisfy the Equal Protection Clause. Riddle, 83 F.3d at 1207. As stated above, maintaining jail security is a legitimate governmental purpose. Prison officials have wide discretion to determine what measures should be taken in order to preserve order and security in a detention facility. Determining that a particular inmate poses a security risk to fellow inmates and to corrections personnel, and requiring that inmate to wear ankle and wrist restraints, is certainly within this discretion.

We AFFIRM the district court's dismissal of Mr. Sanders's claims. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge