**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONY TREMAYNE LEWIS,

    Plaintiff - Appellant,

v.

JEFF ZMUDA, a/k/a Jeffery Zmuda;
DARCIE HOTHAUS; SHAWN R.
CHASTAIN; ALEXANDER OWENS;
JEREMY L. HOEPNER; ISAIAH J.O.
BARKER; KANSAS DEPARTMENT OF
CORRECTIONS,

    Defendants - Appellees.

No. 24-3098
(D.C. No. 5:23-CV-03236-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

Plaintiff Tony Tremayne Lewis, an inmate at the El Dorado Correctional

Facility ("EDCF") in El Dorado, Kansas, brought a 42 U.S.C. § 1983 suit against

various EDCF and Kansas Department of Corrections ("KDOC") employees, as well

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

as the KDOC itself, alleging violations of the First, Sixth, Eighth, and Fourteenth Amendments.[1] Plaintiff claims the district court wrongly denied him appointed counsel, KDOC unconstitutionally denied him access to the court system by purportedly stealing his $900 check, EDCF unconstitutionally restricted his access to prison-library materials,[2] and KDOC unconstitutionally failed to investigate or mete out discipline for these supposed constitutional violations.

The district court determined that Plaintiff's Complaint failed to state a claim upon which relief could be granted and, ordered Plaintiff to show cause why the district court should not dismiss his complaint, pursuant to 28 U.S.C. § 1915A. Plaintiff moved to amend his Complaint a first time, and later a second time to include additional claims. The district court granted leave the first time, but declined the second amendment because Plaintiff's request was procedurally inadequate. Plaintiff filed two more motions to tack on supplemental claims and defendants, which the district court again denied. The district court then issued a Memorandum and Order dismissing all claims except Plaintiff's First Amendment claim and

---

[1] Plaintiff styles his suit as a Bivens claim, but a plaintiff only properly invokes Bivens against federal officials. Here, Plaintiff names Kansas officials in his complaint. We construe Plaintiff's suit as a § 1983 suit, but not through a Bivens lens.

[2] Specifically for this appeal, Plaintiff argues Defendants denied him access to the book Battling the Administration, by David Meister—a book which, he claims, was vital to successfully mounting a legal claim.

ordered EDCF to submit a Martinez report.[3]  EDCF filed the report, and Plaintiff submitted a response.

The Martinez report demonstrated that EDCF revoked its policy restricting Plaintiff's access to the book he sought.  Based upon that demonstration, the district court again ordered Plaintiff to show cause because, despite Plaintiff's attempts to bolster his complaint with additional claims, he could not show an injury after EDCF allowed book access.  In response, Plaintiff submitted the same motion to supplement as he did before the district court ordered him to show cause.  Because the re-submitted motion to supplement did not adequately respond to the order to show cause, the district court denied his request for appointment of counsel and dismissed his remaining claims.

I.

Liberally construing Plaintiff's opening brief, in which he attempts to incorporate by reference the arguments made in his complaint, it alleges the following: (1) a Sixth Amendment claim that the district court failed to appoint him civil counsel; (2) a Fourteenth Amendment Due Process Clause claim for KDOC's misappropriation of a $900 check he intended for litigation fees; (3) an Eighth Amendment claim against KDOC for refusing to investigate his claim that his check

---

[3] A Martinez report is a "court-authorized investigation and report by prison officials."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  "When the pro se plaintiff is a prisoner, [a Martinez report] is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims."  Id. (quoting Martinez v. Aaron, 570 F.2d 317, 318–19 (10th Cir. 1978)).

had been stolen—what he styles as a "malicious denial of grievance"; and (4) a First Amendment claim against KDOC and EDCF for denying him access to the courts by misappropriating his check and denying him access to literature in prison. We address each issue in turn.

## II.

The district court denied Plaintiff's request for appointed counsel. On appeal, Plaintiff embedded his request for counsel into his four-page opening brief. We treated Plaintiff's brief as a motion to appoint counsel, and the Chief Judge of this Circuit issued a denial, stating "the court will not consider the possibility of appointing counsel until the case has been fully briefed and the court has had an opportunity to consider [Plaintiff's] own statement of arguments on appeal." Plaintiff then submitted a second filing, which we construe as a motion to reconsider the Chief Judge's order, a renewed motion for appointment of counsel, and a brief with developed merits arguments. Now that Plaintiff's full arguments are before us, we again deny his motion to appoint counsel—albeit on different grounds.

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citing Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994)). To determine if the district court abused its discretion, we evaluate the factors reiterated in Rucks: "[1] the merits of the litigant's claims, [2] the nature of the factual issues raised in the claims, [3] the litigant's ability to present his claims, and [4] the complexity of the legal issues raised by the claims." Id. (quoting Williams v. Meese, 926 F.2d 994, 996

(10th Cit. 1991)).  Plaintiff bears the burden of proving his claims are sufficiently meritorious to warrant appointment of counsel.  Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)).

The district court appropriately applied these factors in the first instance. Plaintiff's claims are not complex, and he has shown in his many motions that he is capable of alleging the facts necessary to state colorable claims.  If the facts Plaintiff alleges demonstrated a constitutional violation, we would consider appointing counsel—but they do not.  Instead, his claims are without merit.  Aside from a conclusory allegation that an Eighth Circuit case should bind us, Plaintiff alleges no facts which justify appointment of counsel either at the district court or on appeal. He certainly fails to carry his burden of showing the district court abused its discretion when it denied his motion for appointed counsel or that he is entitled to counsel on appeal.  We affirm the district court's denial to appoint counsel and decline to appoint appellate counsel.

### III.

On the merits, the district court dismissed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  We review de novo district courts' sua sponte decisions to dismiss complaints for failure to state a claim under § 1915(e)(2).  Vasquez Arroyo v. Starks, 589 F.3d 1091, 1094 (10th Cir. 2009) (citing Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)).  Because "[t]his language parallels that of Federal Rule of Civil Procedure 12(b)(6)," we adhere to the same standard on

review.  We accept factual allegations as true and "view them in the light most favorable to the plaintiff."  Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001).  We liberally construe allegations in pro se complaints.  Perkins, 165 F.3d at 806 (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)).

Plaintiff predicates his Fourteenth Amendment, Eighth Amendment, and First Amendment claims on his assertion that KDOC officials are "in cahoots" [sic] with law enforcement, and together conspired to take and apply a $900 check he marked for litigation fees to an outstanding criminal penalty he was not yet required to pay off.  But each of these claims suffer from the same flaw—they rely on conclusory allegations, not plausible facts.

For his Fourteenth Amendment claim, Plaintiff argues Defendants violated his due process rights when they applied his check to the wrong outstanding debt.  But he presents no further evidence beyond his subjective beliefs that his $900 check was stolen, that KDOC was in cahoots with law enforcement, or that the Central Inmate Bank, KDOC, or EDCF purposely stole his money and lied about it.  These allegations are conclusory and lack any supporting factual allegations.

Similarly, Plaintiff alleges that a failure to investigate the loss of his check violates the Eighth Amendment.  This allegation also lacks support from background facts, so is therefore conclusory and insufficient to state a claim upon which relief may be granted.  Additionally, he did not properly join any of the small, one-time incidents he alleges violate the Eighth Amendment, and we decline to hear them for

6

the first time on appeal.[4]  See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

Plaintiff's First Amendment claims are more specific.  He claims EDCF's employees denied him access to certain literature because of its "restrictive housing" policy—which limits the materials given to inmates—and that as a result, he could not mount a successful lawsuit.

But this claim, while more carefully pled, lacks merit.  As the district court noted, Plaintiff's First Amendment claim fails for two reasons: (1) his restrictive-housing claim is moot, because EDCF revised its policy to no longer bar Plaintiff's claim, and (2) to the extent he claims an injury based on EDCF refusing him a single book, his allegations are conclusory and insufficient to show that EDCF denied him access to the court.[5]

On appeal, Plaintiff does not address the district court's mootness conclusion.  His failure to do so seals the fate of his First Amendment claim, and we affirm the

---

[4] For example, Plaintiff alleges: a single instance where an EDCF official did not give him dinner because he was sleeping in his cell at dinner time, a time when guards seemed unconcerned when his cellmate threatened him over not being able to shower, a time when the warden did not assign one of his grievance forms a proper serial number, and a time when EDCF revoked his tablet privileges because an EDCF official found Plaintiff's tablet, broken, in the garbage.

[5] Federal courts may only decide claims over which they have jurisdiction. Article III, § 2 of the United States Constitution gives federal courts jurisdiction only over live cases and controversies.  If the accused ceases its wrongful behavior, there is not a live controversy for the court to adjudicate, so the issue has become moot. See Prison Legal News v. Federal Bureau of Prisons, 944 F.3d 868, 879–80 (10th Cir. 2019).

district court's decision on that ground. <u>Prison Legal News v. Federal Bureau of Prisons</u>, 944 F.3d 868, 878–80 (10th Cir. 2019). But even if we reached the merits of his First Amendment claim, we would reject it. Not "just any type of frustrated legal claim" constitutes legal injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996). <u>Casey</u> is clear: inmates need only the tools to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." The failure to provide Plaintiff with a single book, which appears to be of only tangential relevance to the issues in this case, is an incidental consequence of conviction and incarceration. <u>Id.</u> at 355. Indeed, we have held that the government need only provide the tools necessary for "initial pleadings in a civil rights action regarding current confinement." <u>Carper v. Deland</u>, 54 F.3d 613, 617 (10th Cir. 1995).

Plaintiff attempts to couch his claim here as one where EDCF prevented him from receiving "legal mail." But we reject that characterization. EDCF did not prevent Plaintiff from receiving legal mail. Instead, it simply enforced the same restrictive literature policy that bound all inmates in his living area. The only adverse result of this policy was that he could not receive a single book he believed was vital to his case. But he was still able to file his initial complaint, as well as many other motions in which he stated his arguments. Plaintiff has, therefore, not

shown sufficient injury to his ability to litigate his initial case, nor a reason why

EDCF's policy revision does not moot his case.[6]

IV.

Plaintiff requests to proceed *in forma pauperis*, and provides adequate

assurance he is financially unable to pay the required filing fees.  Regardless of our

final decision on the merits of his claims, we hold that he has at least alleged a

nonfrivolous argument on appeal.  Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962);

Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008).  Plaintiff has also complied

with the requirements of the PLRA and must still make partial payments until fully

satisfying the filing fee as per 28 U.S.C. § 1915(b)(1). Therefore, we GRANT

Plaintiff's request to proceed *in forma pauperis*.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[6] Plaintiff also attempts to add KDOC as a defendant under a theory of vicarious liability.  KDOC is already a party to this suit.  But including KDOC as a defendant does not make Plaintiff's claims any more effective.