**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID LESLIE BROWN, JR.,

      Plaintiff-Appellant,

v.

CHERIE MILLER SALES,

      Defendant-Appellee.

No. 96-6068
(D.C. No. CIV-95-851-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

      Plaintiff-Appellant David L. Brown, Jr., brought suit pursuant to 28 U.S.C.

§ 1983 alleging that while he was an inmate at the Lawton Community

Corrections Center (LCCC) he was denied permission to use the Comanche

County law library in retaliation for filing a civil rights action against the

Defendant Cherie Sales, Superintendent of LCCC. Brown also claimed that the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

refusal violated his right to equal protection because prisoners at other correctional facilities were permitted to use local law libraries. The district court adopted the Report and Recommendation of a magistrate and granted summary judgment to the defendant.

Actions taken against a prisoner in retaliation for the prisoner's exercise of a constitutionally protected right are actionable under § 1983 even if the actions would otherwise have been proper. Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990). However, to succeed on such a claim, Brown must prove that retaliation was the actual motivating factor behind Sales' actions. Id. at 949 To defeat the defendant's motion for summary judgment, the plaintiff was required to produce some evidence of the defendant's retaliatory motive.

Brown claims that Tracy Smith, a fellow prisoner, told him that he overheard Sales say: "Hell no! David Brown can't go to the law library here in town. He has a federal lawsuit against me and he cannot go." However, in an affidavit, Smith said that he never heard Sales speak about Brown and that he never told Brown otherwise. Brown's statement of what Smith said to him is inadmissible hearsay. Thus, Brown has produced no admissible direct evidence of a retaliatory motive. See Thomas v. IBM, 48 F.3d 478, 485 (10th Cir. 1995) (inadmissible hearsay cannot be used to defeat summary judgment). We recently held that a plaintiff may defeat a motion for summary judgment by producing

sufficient circumstantial evidence of a retaliatory motive.  See Smith, 899 F.2d 948-49 (evidence that disciplinary action was taken immediately upon prisoner's return from court, that other prisoners were transferred to prevent them from testifying at prisoner's disciplinary hearing, and that prisoner was denied access to his legal papers, held sufficient to create issue of material fact regarding retaliatory motive).  This case is distinguishable from Smith, however, because Brown produced insufficient circumstantial evidence of a retaliatory motive to get to a jury.  The only such evidence alleged by Brown is that the refusal to allow him to go to the library followed his filing of the suit.  Brown does not even allege when he filed the suit against Sales.  Thus, he has not even shown the "close temporal proximity" between the exercise of a constitutional right and the alleged retaliatory action that was demonstrated in Smith.

Brown also claims he was denied equal protection of the law because he was denied access to a local law library while prisoners at other minimum security facilities were given access to local law libraries.[1]  Arbitrarily discriminating between groups that are similarly situated may give rise to an equal protection claim.  See Jacobs, Visconsi & Jacobs v. City of Lawrence, 927 F.2d 1111, 1118 (10th Cir. 1991) (discussing "similarly situated" requirement of equal protection

---

[1]Brown was given the option of transferring to a correctional facility with a law library.

claim).  Brown does not claim that other LCCC inmates were given access to the library.  Rather, he argues that prisoners in other minimum security correctional facilities were given access to local law libraries.  However, Brown has failed to show that the prisoners in these other facilities are similarly situated to the LCCC prisoners.  See Klinger v. Dep't of Corrections, 31 F.3d 727, 729, 731-732 (8th Cir. 1994) (rejecting equal protection claim where plaintiffs sought to compare programs at different prisons).  Thus, the district court correctly dismissed Brown's equal protection suit.

For the reasons stated above, we AFFIRM the district court's grant of summary judgment to the defendant.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge