**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID LESLIE BROWN, JR.,

      Plaintiff - Appellant,

v.

CHERIE MILLER SALES,

      Defendant - Appellee.

No. 96-6014
(D.C. No. CIV-95-284-L)
(W.D. Okla. )

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

Plaintiff-Appellant David Leslie Brown, Jr., a prisoner at Lawton Community Corrections Center (LCCC) in Oklahoma, brought suit pursuant to 42 U.S.C. § 1983, alleging a violation of his right to equal protection because, unlike prisoners at other Oklahoma facilities where he had been incarcerated, prisoners at LCCC were not given access to typewriters to prepare court documents.[1]

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]We note, although we do not rely on the fact, that Brown's appeal to this Court--which complains of his lack of access to a typewriter--was typed.

Brown brought the action pro se and in forma pauperis. The district court dismissed the suit pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court also denied Brown leave to amend his complaint. We have before us Brown's appeal and his motion to proceed in forma pauperis on appeal.

A prisoner does not have a constitutional right of access to a typewriter. Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir. 1978). Nevertheless, arbitrarily discriminating between groups that are similarly situated may give rise to an equal protection claim. See Jacobs, Visconsi & Jacobs v. City of Lawrence, 927 F.2d 1111, 1118 (10th Cir. 1991) (discussing "similarly situated" requirement of equal protection claim). It is undisputed that all inmates at LCCC were treated alike: all were denied access to typewriters. Brown argues that prisoners in other correctional facilities were given access to typewriters. However, he has failed to show that the prisoners in these other facilities are similarly situated to the LCCC prisoners. See Klinger v. Dep't of Corrections, 31 F.3d 727, 729, 731-732 (8th Cir. 1994) (rejecting equal protection claim where plaintiffs sought to compare programs at different prisons). Prison officials at other facilities may have decided to provide typewriters at the expense of another benefit provided at LCCC. Discretionary expenditures by prison officials within different

correctional facilities cannot be the basis of an equal protection suit. See id. at 732-33. Thus, the district court correctly dismissed Brown's suit.

Brown also complains that the district court did not allow him to amend his complaint. Brown moved to amend his complaint nine days after the district court entered judgment dismissing the suit. Once judgment has been entered, a plaintiff may not file an amended complaint until the judgment is set aside or vacated. Seymour v. Thornton, 79 F.3d 980, 987 (10th Cir. 1996). Thus, the district court did not err in refusing to allow the amendment.

Brown filed the present appeal before April 26, 1996, the effective date of the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104-134, Title VIII, 110 Stat. 1321. Thus, the Act's amendments to 28 U.S.C. § 1915 do not apply to his motion to proceed in forma pauperis. White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996). Under the law in effect prior to those amendments, Brown may proceed in forma pauperis if he has shown an inability to pay filing fees and a "reasoned, nonfrivolous argument" on appeal. Id. We conclude that Brown has met this standard and grant his motion to proceed in forma pauperis.

For the reasons stated above, we AFFIRM the judgment of the court below and GRANT Brown leave to proceed in forma pauperis on appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge