**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID LESLIE BROWN, JR.,

     Plaintiff-Appellant,

vs.

CHERIE MILLER SALES; DEWEY
PATTERSON; BETH MCGUIZ,

     Defendants-Appellees.

No. 97-6097
(D.C. No. CIV-95-1010-L)
(W.D.Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Brown, an inmate appearing pro se and in forma pauperis, appeals from

summary judgment granted in favor of defendant prison officials on his civil

rights claim, 42 U.S.C. § 1983. In his amended complaint, Mr. Brown claimed

that he was transferred to a facility with a higher level of security in retaliation

for filing various civil rights actions and administrative grievances. On appeal,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

he submits the following issues for review: (1) whether the district court applied the correct legal standard in granting summary judgment, (2) whether the district court applied the substantive law correctly, specifically, that retaliatory transfers for the exercise of constitutional rights are impermissible, and (3) whether the evidence of a conspiracy was sufficient to preclude summary judgment. See Aplt. Br. (Form A-12). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.[1]

We review a grant of summary judgment de novo, applying the same standard as the district court. Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 465 n.10 (1992). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court considers all evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The nonmoving party, however, may not rely upon unsupported allegations without "'any significant probative evidence tending to support the complaint.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

---

[1] A similar claim by Mr. Brown was made against Defendant Sales in Brown v. Sales, No. 96-6068, 117 F.3d 1428, 1997 WL 375347 (10th Cir. July 8, 1997). This court affirmed a grant of summary judgment against Mr. Brown in that case.

(1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  The content or the substance of the evidence, if not the form, must be admissible at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Factual disputes about immaterial matters will not preclude summary judgment.  Anderson, 477 U.S. at 248.

Retaliation against an inmate for the exercise of constitutionally protected rights is prohibited, notwithstanding that an action would have been otherwise permissible.  Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990).  Although an inmate has no constitutional right to remain in a particular institution, he may not be punished for exercising constitutional rights with a transfer to a different institution.  Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir. 1990).

The difficulty in this case is that Mr. Brown has failed to produce evidence in response to the Defendants' motions for summary judgment that suggests Defendants retaliated against him or conspired against him.  If anything, the Martinez report suggests that Mr. Brown used the threat of grievances and lawsuits to leverage his demands for a typewriter, work-release status and a transfer.  See 1 Supp. R. att. C at 4-6, 10-11.  Facts about other negative encounters Mr. Brown has had with prison officials are too general to support an inference of retaliation, absent a link to the transfer in question.  See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (affidavits or other material

provided by a pro se litigant must create a genuine issue for trial that could lead a trier of fact to find in the non-movant's favor). Likewise, Mr. Brown's statement that he was informed by a case manager that Defendant Sales would eventually have him transferred for filing lawsuits, I R. doc. 29, (Brown aff.), would be inadmissible at trial and is not sufficient to avoid summary judgment. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541-42 (10th Cir. 1995). Reliance on the verified amended complaint, I R. doc. 13, while permissible, Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 n.1 (10th Cir. 1985), does not cure this problem given the conclusory statements of opinion contained therein.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
