F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID LESLIE. BROWN, JR.,

        Plaintiff-Appellant,

v.

CHERIE MILLER SALES; BEN
LEHEW,

        Defendants-Appellees.

No. 97-6118
(D.C. No. 95-CV-1782)
(W.D. Okla.)

DAVID LESLIE BROWN, JR.,

        Plaintiff-Appellant,

v.

LARRY FIELDS,

        Defendant-Appellee.

No. 97-6119
(D.C. No. 96-CV-61)
(W.D. Okla.)

DAVID LESLIE BROWN, JR.,

        Plaintiff-Appellant,

v.

KATHY WATERS,

        Defendant-Appellee.

No. 97-6130
(D.C. No. CIV-96-145-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

Plaintiff David Leslie Brown, Jr., appeals the district court's grant of summary judgment to defendants in these three civil rights actions brought pursuant to 42 U.S.C. § 1983. In all three actions, plaintiff asserts violations of his constitutional rights in connection with the delay of prison officials in providing him with his personal property and legal materials following his transfer from Lawton Community Correctional Center (LCCC) to another facility on or about June 1, 1995. We conclude that the grant of summary judgment to defendants in all three cases was correct, and we affirm.

---

[*]       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. Background

On June 1, 1995, plaintiff was transferred from LCCC to another institution. It appears that his personal property, including a large amount of legal materials, was not transported with him at that time. The record indicates, and plaintiff admitted, that he received all of his legal material except for one witness statement and two court orders on or about September 5, 1995, and had received all of his personal property by April 1996.

In his various complaints regarding the events surrounding his transfer, plaintiff asserted that he was denied access to the courts, due process, and equal protection, that he was discriminated against based on race, and that he was retaliated against because he filed numerous grievances and lawsuits.[1] The district court adopted the respective reports and recommendations of the magistrate judge, recommending the grant of summary judgment to defendants in each case. Although there is considerable overlap in plaintiff's claims, for the sake of clarity, we will address the issues raised in each case separately.

---

[1] Plaintiff has brought three prior appeals also raising issues going to his belief that he was denied court access. See Brown v. Sales, No. 97-6097, 1997 WL 687727 (10th Cir. Oct. 31, 1997) (unpublished order and judgment); Brown v. Sales, No. 96-6014, 1997 WL 606853 (10th Cir. Oct. 2, 1997) (unpublished order and judgment); Brown v. Sales, No. 96-6068, 1997 WL 375347 (10th Cir. July 8, 1997) (unpublished order and judgment).

## II. Discussion

### A. Standard of Review

Because plaintiff appears before us on appeal pro se, we construe his pleadings liberally. See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994). We review a grant of summary judgment de novo, applying the same standard as that applied by the district court. See id. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the court considers all evidence in a light most favorable to the nonmoving party, the nonmoving party may not rely on unsupported, conclusory allegations, see Shabazz, 14 F.3d at 535.

### B. No. 97-6118

Plaintiff filed this suit against defendants Cherie Miller Sales and Ben Lehew, correctional officers at LCCC, claiming that defendants unconstitutionally deprived him of his personal property and legal materials because of his race and in retaliation for his various lawsuits and grievances. The district court granted summary judgment to defendants. On appeal, plaintiff asserts that (1) the magistrate judge and the district court applied improper legal standards; (2) the magistrate judge ignored applicable law; (3) the evidence in the case establishes

-4-

that plaintiff was entitled to summary judgment; and (4) the district court erred in refusing to file plaintiff's amended complaint.

It is undisputed that prisoners have a constitutional right to access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). Moreover, prison officials may not affirmatively impede a prisoner's efforts to access the courts. See Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir. 1992). It is also well established that prison officials may not retaliate against an inmate because of the inmate's exercise of his constitutional right of access to the courts. See Smith, 899 F.2d at 947.

In granting summary judgment, the magistrate judge concluded that plaintiff had failed to establish that any delay in receipt of his legal materials prejudiced any pending or anticipated legal proceedings. See Lewis v. Casey, 116 S. Ct. 2174, 2179-80 (1996) (holding that to establish a claim of denial of access to the courts, an inmate must show an actual injury to present or pending litigation); accord Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996). Plaintiff's allegations that he was denied access to the court are entirely conclusory. Although he identifies certain litigation in his appellate brief, he does not identify any lost documents with particularity, establish how any missing document relates to the litigation, assert that any action has been dismissed or any filing disallowed as untimely, or claim any specific prejudice to any litigation due to missing

documents. Thus, we agree with the magistrate judge that plaintiff has failed to establish the existence of a genuine issue of material fact with respect to his right of access to the court claim.

The magistrate judge further found that plaintiff failed to establish any intent on the part of prison officials to discriminate against him based on his race. The Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious racial discrimination. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff must show, however that the defendants intentionally discriminated against him because of his race. See Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995). Here, plaintiff's subjective belief that defendants' actions were discriminatory is insufficient to withstand summary judgment on his equal protection claim. See Aramburu v. The Boeing Co., 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (noting that a subjective belief in discrimination does not preclude summary judgment on a claim of employment discrimination).

Next, the court held that plaintiff failed to allege any personal participation by the defendants in any alleged discrimination against plaintiff or in any alleged unconstitutional deprivation of his property. We have held that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Here, plaintiff failed to establish that either defendant participated in an act which

violated his constitutional rights. Moreover, the special report submitted to the district court[2] indicates that the handling of plaintiff's property was accomplished according to DOC procedures, and plaintiff does not refute this assertion.

To withstand a motion for summary judgment on a claim of retaliation, an inmate must submit evidence showing that a jury could reasonably find that a motivating factor behind defendants' actions was retaliation for his prior or current litigation. See Smith, 899 F.2d at 948 n.4, 949. A "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir. 1997) (quotation omitted). Where, as here, a plaintiff has undertaken a plethora of grievances and lawsuits, proximity is established simply because any action taken by a prison official could be seen as retaliation for one of the legal filings. Under these circumstances, proof of proximity is less persuasive than might otherwise be the case.

"[I]t is imperative that plaintiff's pleading be factual and not conclusory. . . . [P]laintiffs must . . . allege specific facts showing retaliation

---

[2] The records in these cases indicate that in all three instances, the court ordered defendants to submit a special report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (per curiam), which they filed simultaneously with their respective motions for summary judgment.

because of the exercise of the prisoner's constitutional rights." Frazier v. DuBois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). In this case, plaintiff sets forth no facts establishing that prison officials wrongfully withheld his possessions for retaliatory motives. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.) (holding that the relevant showing in retaliation cases "must be more than the prisoner's personal belief that he is the victim of retaliation") (further quotation omitted), cert. denied, 118 S. Ct. 559 (1997). Moreover, plaintiff did not refute defendants' legitimate and nonretaliatory reasons for the manner in which plaintiff's property was handled. Therefore, summary judgment for defendants was proper.

Plaintiff also asserts that the district court's refusal to allow him to amend his complaint was erroneous. Plaintiff did not seek to amend his complaint, however, until after the magistrate judge had issued a report and recommendation in this case. Therefore, the district court concluded that plaintiff's amended complaint, which sought to add two additional parties and additional allegations, was untimely, see Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (holding that untimeliness is sufficient reason to deny amendment), and would prejudice the defense, see Foman v. Davis, 371 U.S. 178, 182 (1962) (undue prejudice to opposing party is sufficient reason to deny request to amend). Moreover, the court held that because the amended complaint did not cure the

deficiencies found by the magistrate judge, to allow amendment would be futile. See id. (request to amend can be denied as futile).

Plaintiff has offered no reason for his delay in seeking amendment. Moreover, upon review of plaintiff's amended complaint, we determine that it is a reiteration of the claims brought in his original complaint, and therefore, the court was correct in its alternative holding, that to allow plaintiff to file his amended complaint would be futile.

On appeal, plaintiff continues to proffer conclusory, accusatory allegations, liberally laced with rebuking statements directed at prison officials and the judiciary involved. He makes no cogent argument, however, challenging the findings and conclusions of the magistrate judge. Therefore, upon careful consideration of the briefs of the parties and the relevant record, we conclude that summary judgment was appropriate.

## C.  No. 97-6119

This case arises out of the same set of facts as those underlying the preceding discussion. Here, plaintiff brought a § 1983 suit against defendant Larry Fields, director of the DOC, in his individual capacity, alleging that he intentionally allowed prison officials unconstitutionally to retain his personal property thereby denying him access to the courts and equal protection of the law.

As discussed in the previous case, plaintiff conceded that he received all of his legal materials, except for a few items, on or about September 5, 1995. In his complaint, plaintiff alleged that the delay in transporting these materials prevented him from filing a petition for writ of certiorari in the Supreme Court and caused the magistrate judge to recommend a dismissal in another case, Brown v. Sales, No. CIV-95-284-L.[3] Plaintiff also alleges that the magistrate judge ignored the evidence presented supporting his contention that the delay in providing him with his personal property and legal materials after his transfer was motivated by invidious discrimination or retaliation.

In granting summary judgment, the magistrate judge found that plaintiff received all of his legal materials approximately twenty-three days before his pleading was due in the Supreme Court, affording him ample time to file his writ or to request an extension of time. Moreover, as to plaintiff's allegations of detriment in Brown v. Sales, the magistrate judge looked to the court's own records to find that plaintiff filed numerous pleadings between June 1, 1995, the date of his transfer, and December 4, 1995, when judgment for the defendants was entered. Contrary to plaintiff's contention that Brown v. Sales was dismissed

---

[3] The district court's decision to dismiss this case, a § 1983 action alleging an unconstitutional deprivation of a typewriter, was affirmed by this court on October 2, 1997. See Brown v. Sales, No. 96-6014, 1997 WL 606853 (10th Cir. Oct. 2, 1997) (unpublished order and judgment).

because he failed to file a responsive pleading, the case was actually dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim. See Brown v. Sales, No. 96-6014, 1997 WL 606853, at **1 (10th Cir. Oct. 2, 1997) (unpublished order and judgment).

As was previously discussed, the establishment of a claim of denial of access to the courts must include a showing that any pending or contemplated litigation was adversely affected by the actions or inactions of the prison officials. See Lewis, 116 S. Ct. at 2179-80. Here, plaintiff has made only general and conclusory allegations that the missing legal materials prevented him from pursuing any of his legal claims. Consequently, as was correctly determined by the magistrate judge, plaintiff has failed to show that under Lewis he suffered an actual injury due to the delay in receipt of his legal materials.

Moreover, plaintiff brought his claims against defendant only in his individual capacity, and, as was true in the case discussed above, "[a] claim seeking personal liability in a civil rights suit must be predicated on the defendant actor's personal involvement; there must be an affirmative link to causally connect the actor with the alleged violation." Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1042 (10th Cir. 1993). While plaintiff may be able to establish personal responsibility by showing that defendant failed to supervise his employees, the plaintiff must allege and prove that the supervisor "actually knew

of and acquiesced in the [actor's] behavior." Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995); see also Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990) (plaintiff must be able to show that the defendant "expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation"). Here, plaintiff failed to allege any facts which would support a finding that defendant either personally participated in any unconstitutional act against plaintiff, or that he had the requisite knowledge of his supervisees' alleged participation. Plaintiff cannot establish defendant's personal responsibility for any constitutional violation simply by asserting defendant's supervisory capacity. Therefore, defendant was properly granted summary judgment on this issue.

Finally, although plaintiff again claims that defendant's alleged denial of his access to the courts was motivated by invidious discrimination based on race and retaliation for his numerous grievances and lawsuits, he failed to establish any intent to discriminate, see Copeland, 57 F.3d at 480, or to present any evidence showing that the motivating factor behind defendant's actions was retaliatory, see Smith, 899 F.2d at 948 n.4, 949. Moreover, defendant provided legitimate and nonretaliatory reasons for the way plaintiff's possessions were handled, and plaintiff fails to refute these reasons. Therefore, the district court's

adoption of the magistrate judge's recommended grant of summary judgment to defendant was correct.

In this case, plaintiff once again attempted to file an amended complaint after the magistrate judge issued a report and recommendation and after plaintiff had submitted objections to the magistrate judge's findings. Giving deference to plaintiff's pro se status, the court reviewed the amended complaint. Concluding that plaintiff's amended complaint was a reiteration of the claims in his original complaint, with the addition that plaintiff had at that time been released from incarceration, the court ordered the amended complaint stricken. Upon our review of the amended complaint, we agree with the district court that to have allowed amendment would have been futile. See Foman, 371 U.S. at 182.


### D. No. 97-6130

Once again, this case emanates from plaintiff's claim that LCCC prison officials unconstitutionally deprived him of his personal property and legal materials. Plaintiff's claim that his property was illegally retained by prison officials is not at issue in this case, however. Here, plaintiff's only claim is brought against defendant Kathy Waters, Deputy Director of the DOC, alleging that she retaliated against him by placing him on offender grievance restriction.

It appears that between July 20, 1995, and December 20, 1995, plaintiff submitted eight grievances regarding his personal property. Upon the filing of each grievance, he was advised that he failed to follow the DOC procedures for filing grievances, and was informed as to how he could correct the deficiencies. He was also advised that he could not file grievances as to matters which were currently being litigated. Ignoring these directions, plaintiff wrote two additional letters regarding his property, and subsequently was advised that because he had abused the DOC offender grievance process, he was restricted from filing further grievances.

The magistrate judge concluded that plaintiff's allegations that he was restricted in retaliation for filing grievances were conclusory. The court determined that plaintiff had been legitimately restricted pursuant to DOC policy because he abused the process and, therefore, his claims were insufficient to defeat defendant's motion for summary judgment.

On appeal, plaintiff asserts, in a conclusory fashion, that the action of LCCC officials in restricting him "was a pure bona fide act of retaliation." Appellant's Opening Br. at 6. He asserts that defendant "acted in an improper, immature, and idiotic manner." Id, He further contends that defendant "would resemble one devoid of all intelligence in front of a jury," id. at 8, and her actions were "ostensibly bias[ed], obstinate, and seemingly incompetent," id.

Aside from these opinions of defendant and her motivations, plaintiff offers no cognizable challenge to the findings and conclusions of the magistrate judge. Because plaintiff failed to present any facts which would support a finding that his grievance restrictions were a result of retaliation, we conclude that the court was correct in finding that no material issue of fact remained for trial, and summary judgment for defendant was proper.

The judgments of the United States District Court for the Western District of Oklahoma in Nos. 97-6118, 97-6119, and 97-6130 are AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge